**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-00290-JRG |
| | § | |
| EATON CORPORATION PLC, EATON CORPORATION, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("the Motion to Dismiss") filed by Defendant Eaton Corp. PLC ("Eaton"). (Dkt. No. 15). The Motion to Dismiss was filed on October 9, 2019, and sought to dismiss the Original Complaint (Dkt. No. 1) for lack of personal jurisdiction over Eaton and for failing to state a claim of induced infringement. Subsequently, on October 23, 2019, Plaintiff Ultravision Technologies, LLC ("Ultravision") filed a First Amended Complaint for Patent Infringement ("First Amended Complaint"). (Dkt. No. 17). The First Amended Complaint contains additional allegations related to jurisdiction and induced infringement. (*See id.*)

There is a lopsided split among federal courts over whether the filing of an amended complaint moots a pending motion to dismiss addressed to the original complaint. *See Melson v. Vista World Inc.*, No. CIV.A. 12-135, 2012 WL 6002680, at *12 & nn. 3–4 (E.D. La. Nov. 30, 2012) (collecting and comparing cases). A handful of district courts have held that an amended complaint may, but does not automatically, moot a pending motion to dismiss addressed to the original complaint. *See id.* at *12 n.3 (collecting cases holding that district courts have discretion to consider or to deny as moot such a pending motion to dismiss). Far more district courts, and the

consensus from the Circuit Courts of Appeal, hold that an amended complaint nullifies the original complaint, and thus moots a motion to dismiss addressed to that nullity. *See, e.g.*, *id.* n.4; *Merritt v. Fogel*, 349 F. App'x 742, 745 (3rd Cir. 2009) ("[T]he filing of [an] amended complaint . . . would have rendered moot defendants' motion to dismiss."); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."). The greater weight of the authority favors the view that a pending motion to dismiss addressed to the original complaint is mooted by the filing of the amended complaint. That view most readily comports with the well-settled principle that an amended complaint nullifies and supersedes the original complaint. *See, e.g.*, *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.").

Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint. *Pure Country*, 312 F.3d at 956; *Merritt*, 349 F. App'x at 745. Unless the amended complaint expressly incorporates the original complaint, the amended complaint completely replaces the original and renders it a legal nullity. *In re Vitro Asset Corp.*, 656 F. App'x 717, 722 (5th Cir. 2016) (citing *Boelens*, 759 F.2d at 508); *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994)); *La. Fiber Corp. v. Fireman's Fund Ins. Co.*, 105 F.3d 655 (5th Cir. 1996) ("An amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Louisana v. Litton Mortg. Co.*, 50 F.3d 1298, 1303 n.22 (5th Cir. 1995); *Drew v. Ott*, 29 F.3d 624 (5th Cir. 1994). A motion

to dismiss that is addressed to the nullified original complaint is therefore moot, because no relief can be granted based upon the original complaint.

Accordingly, in view of Ultravision's First Amended Complaint, the Motion to Dismiss (Dkt. No. 15) is **DENIED AS MOOT**.

**So Ordered this**
Nov 7, 2019

                              RODNEY GILSTRAP
                              UNITED STATES DISTRICT JUDGE